RUTLAND
*February,*
1841.

Richardson
*v.*
Spafford.

</div>

</div>

---

<div align="center">

ARIAL RICHARDSON v. HEMAN SPAFFORD.

</div>

Under the statute of 1824, fifty-six pounds of corn is equivalent to one bushel, and a contract for bushels of corn, is satisfied by as many times fifty-six pounds, whether it measures the specified number of bushels or not.

TROVER, to recover for a note, given by Daniel Lyon to Samuel Richardson, Jr., dated 20th May, A. D. 1838, for $100, with interest. The plaintiff introduced a receipt, given by the defendant to the plaintiff, of which the following is a copy, to wit:

<div align="center">

" RUTLAND, Dec. 29, 1838.

</div>

'Received this day, of Arial Richardson, one note of 'hand, for one hundred dollars, signed by Daniel Lyon, to 'Samuel Richardson, or bearer, payable by the 10th 'day of May, 1842, with interest, which said note I hold 'as security for the payment or delivery to me, at the dwelling house of him, the said Richardson, of one hundred 'bushels of good corn, on the 7th of February next, and, 'on payment of said corn, I am to return said note to 'him, the said Richardson.

<div align="right">

'HEMAN SPAFFORD.'

</div>

The plaintiff then proved that he weighed off and turned out 5600 lbs. of good corn, at his house, on the 7th day of Feb., 1839, to pay the contract to the defendant, but the defendant was not present, at the time. It was, also, proved that said corn weighed more than 56lbs. to the bushel, and that the 5600 lbs. did not measure one hundred bushels.

The plaintiff then proved that he demanded the note against Daniel Lyon, of the defendant, on the 18th Feb., 1839, and defendant refused to give it up, contending that 5600 lbs. of corn, not measuring one hundred bushels, was not a payment of the contract. Upon this evidence the court decided, that the note, having been pledged for the payment of one hundred bushels of corn, on the 7th of Feb., 1839, and as only 5600lbs. had been delivered, and that not measuring one hundred bushels, it was not a payment of the contract, and, consequently, the defendant was not bound to deliver the note when demanded ; and, thereupon, the plaintiff submitted to a *nonsuit*, with liberty to except to the decision of the court, and the plaintiff excepted to the decision of the county court.

*R. R. Thrall*, for plaintiff.

The plaintiff contends, that, by the laws of this state, 56lbs. of corn and rye, and 32lbs. of oats, are to pass from vendor to purchaser for a bushel. Comp. Stat. p. 476. No. 2.

If this was not the intention of the legislature in fixing the standard weight of these grains, it is difficult to ascertain what was their object in passing the law.

In giving a construction to this statute, it becomes necessary for us to inquire,—1st. What was the old law ? 2d. What was the mischief; and 3d. What is the remedy provided by the new law.

1. By the old law, these grains were to pass, from vendor to purchaser, by the Winchester measure, without regard to its weight.

2. The mischief was, that they often varied, very materially in value, solely in consequence of the difference in weight.

3. To remedy this mischief, the legislature has provided that they shall pass by weight.

It becomes the duty of the court to give such a construction to the act, as will suppress the mischief, and advance the remedy.

By the Revised Laws, p. 364, it will be seen that the legislature have given a construction to the act, that cannot be misunderstood, which, I trust, will settle this question beyond the possibility of a doubt.

*S. Foot and C. Linsley,* argued for defendant, and contended that the statute, relied upon by the plaintiff, was one regulating the weight of rye and corn ; but did not declare that 56lbs. should pass from the vendor to the vendee for a bushel ; that where a person contracts to deliver a certain number of bushels, his contract can only be discharged by measuring the quantity which he contracted to deliver, as the term bushel, as established both by law and custom, is thirty-two quarts. They further insisted that the capacity of a bushel, or any given measure of a commodity, could not be settled and defined by weight, for the reason that such quantity might weigh more or less, and that, in the present case, as the plaintiff had not delivered the quantity which he had contracted to deliver, there was no error in the judgment of the county court.

The opinion of the court was delivered by

REDFIELD, J.—The only question raised in the present case is, whether a contract for one hundred "bushels" of corn, is satisfied by the tender of fifty-six hundred pounds of corn, measuring less than the specified number of bushels. The statute in force, at the time of the making of the contract, provides " that the standard weight of corn shall be fifty-six pounds to the bushel." We have no doubt it was the intention of the legislature, to fix a more uniform standard of value for grain, than could be attained by mere capacity. This could only be done by weight. It would be impossible to define the quality of grain by any other medium. It must be understood by this statute, that fifty-six pounds of corn, whether measuring more or less than the Winchester bushel, should be equivalent to a bushel. It then defined the import of the term bushel. In entering into this contract, the parties are to be considered as using the term according

to its known legal import, at the time. Should we give any other construction to the statute, we must render it either nugatory or absurd.

Judgment reversed.